IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| ZANDE J. BARNACASCEL, | ) | Cause No. CV 07-44-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On July 12, 2007, Petitioner Zande J. Barnacascel filed this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner is a state prisoner proceeding pro se.

On August 2, 2007, the Court issued an Order explaining that Petitioner must exhaust his claims in state court before filing in federal court. Petitioner was required to file written documentation showing that he had done so. The Order was issued because no case under Petitioner's name could be located on the Montana Supreme Court's website and because the incidents underlying Petitioner's allegations occurred in April 2007, and he filed in mid-July 2007. Thus, it appeared unlikely that Petitioner had had time to exhaust his state remedies, and no public record of his doing so could be found.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Petitioner failed to respond to the Order of August 2, 2007.

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts or other applicable law.  See Rule 11, Section 2254 Rules; Mayle v. Felix, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The Court may dismiss a case on its own motion without awaiting a defense motion. See, e.g., Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, (2003) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

**1. Expeditious Resolution**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990).  Here, Petitioner has not responded to a court order and has not contacted the Court for any reason since he originally filed his petition on July 12, 2007.  This factor weighs in favor of dismissal.

**2. Docket Management**

"The trial judge is in the best position to determine whether the delay in a particular case

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

interferes with docket management and the public interest." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. This factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).

Because the Court has been awaiting Petitioner's response to its show-cause order, and because it does not appear that Petitioner exhausted his remedies in state court before filing here, the Respondent is not even aware of the action. Consequently, it has no knowledge of a need to preserve evidence or maintain contact with witnesses. The prejudice factor weighs in favor of dismissal.

### 4. Alternatives

The alternative is to serve the Petition on the Respondent and require an Answer. However, requiring the State to assume the burden of responding to a Petitioner who apparently has abandoned his action is unfair.

The Court understands its obligations to pro se litigants and endeavored to fulfill them in this case. Petitioner was advised of the exhaustion requirement and was ordered to submit written documentation showing that he had filed in state court. No particular official record was required; an affidavit or a statement of any inability to obtain documentation would have been sufficient.

Instead, Petitioner simply failed to respond. Dismissal is appropriate.

**5. Disposition on Merits**

Finally, public policy favors the disposition of cases on their merits. See Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). While this factor ordinarily counsels against dismissal, here, because it appears that Petitioner did not exhaust his claims in state court, it is unlikely that the Court will reach the merits even if the case proceeds. This factor weighs only slightly against dismissal.

**6. Conclusion**

While the policy in favor of disposition on the merits weighs slightly against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, prejudice to the Respondent, and the lack of meaningful alternatives conclusively weigh in favor of dismissal. The Court will recommend that the action be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Additionally, because the record of the case strongly suggests that Petitioner did not exhaust his state remedies, it does not appear that reasonable jurists would disagree with this conclusion. See Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

The Petition (doc. 1) should be DISMISSED for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must keep the Court informed of his current mailing address while his case remains pending.

DATED this 9th day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge