

**FILED**

MAY 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ZANDE J. BARNACASCEL, | ) | CV 07-44-H-DWM-RKS |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, | ) | |
| Respondent. | ) | |

    Plaintiff Barnacascel filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 12, 2007. On August 2, 2007, the Court issued an Order requiring the Petitioner to file written documentation showing that he had exhausted his claims in state court. The Order was issued because there is no case under Petitioner's name on the Montana Supreme Court website and it does not appear from the timing of the events in this case that Petitioner could have exhausted his claims in state court before filing his federal habeas petition. Petitioner failed to

respond to the Order and has made no filings since the Petition was filed on July 12, 2007.

United States Magistrate Judge Keith Strong entered Findings and Recommendations in this matter on April 9, 2008, in which he recommends dismissal of the Petition for failure to prosecute under Fed. R. Civ. P. 41(b). Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Strong found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis, and because of the strong likelihood that Petitioner must yet exhaust his state claims, Judge Strong recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is

-3-

dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

IT IS FURTHER ORDERED that a certificate of appealability is denied.

DATED this 1st day of May, 2008.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court